# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS, | CASE NO. 1:10-CV-01680-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| GONZALEZ, et al., | (DOC. 4) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |
| _____/ | |

**Screening Order**

**I.    Background**

Plaintiff Anthony Ray Evans ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on September 2, 2010 in the Central District of California. On September 16, 2010, this case was transferred to the Eastern District of California. Doc. 4.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.	Summary Of Complaint

Plaintiff is incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Associate Warden T.W. Steadman, acting captain B. Sanders, correctional counselor I L. Phillips, sergeant B. Mello, sergeant B. Burrows, and appeals coordinator K. Sampson. Plaintiff names Warden Gonzalez in the caption of his complaint.

Plaintiff alleges the following. Plaintiff arrived at CCI on April 28, 2010 from California State Prison, Sacramento ("CSP-Sac"). Plaintiff left the CSP-Sac Security Housing Unit ("SHU") with single cell status because a history of violence against cell mates and mental health issues. The Institutional Classification Committee ("ICC"), composed of Defendants Steadman, B. Sanders, and L. Phillips, found that after review of Plaintiff's central file, Plaintiff should be placed on double cell status.

On May 13, 2010, correctional officer Little told Plaintiff that he needed to receive a cell mate. Plaintiff responded that officer Little should "do what you got to do" and "I'm not going anywhere to meet anyone, so you just go and put someone in here and see what happens." Defendant B. Mello was aware of Plaintiff's comments.

On May 13, 2010, Plaintiff was placed into a cell with another inmate. Plaintiff attacked this inmate. Defendant B. Burrows stated that he reviewed Plaintiff's records and did not find any reason why Plaintiff could not be placed in a cell with another inmate. Plaintiff contends that

there is a history of violence in Plaintiff's central file.

Plaintiff was pepper-sprayed as a result of the incident. Plaintiff was partially decontaminated with water from a garden hose for three minutes. Plaintiff contends that the garden hose is not a proper decontamination remedy. Water from the hose merely rinsed the pepper spray to other areas of his body, such as his groin and anus. Plaintiff was not allowed a shower until five days afterwards. Plaintiff suffered burning and coughing during this time.

Plaintiff was housed in a clinic holding cell for eight days, as there was no room in the CCI SHU. Plaintiff was provided a mat to sleep on the floor. Plaintiff was not provided shoes, even though the floor was unsanitary from urine puddles. As a result of the incident, Plaintiff received a loss of 180 days good time credit.

Plaintiff filed an inmate grievance regarding this matter on June 22, 2010, after receiving the final copy of the incident report on June 10, 2010. The grievance was improperly screened out as untimely by Defendant Sampson.

Plaintiff requests as relief: that CCI SHU construct two decontamination cages between every two buildings, and compensatory and punitive damages.

**III.   Analysis**

    **A.   Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to

3

establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff fails to state a claim for failure to protect by housing Plaintiff with another inmate. Plaintiff fails to allege facts which indicate that the ICC Defendants, Defendant Burrows, Defendant Mello or knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff fails to allege an excessive risk of a serious harm to Plaintiff. The risk of harm appears to occur to Plaintiff's proposed cell mates.[1]

### B.   Linkage Requirement

Plaintiff does not sufficiently state a claim for deliberate indifference regarding prison officials' alleged failure to properly decontaminate Plaintiff after he was pepper-sprayed. Plaintiff fails to link any Defendants to an alleged act or omission that violates his constitutional rights. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff names warden Gonzalez as a defendant. However, Plaintiff fails to link Defendant Gonzalez to any act or omission that violates Plaintiff's constitutional rights. *Id.*

### C.   Supervisory Liability

If Plaintiff is alleging liability against any Defendants based on their supervisory role, Plaintiff fails to state a claim. The United States Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her

---

[1] Plaintiff alleges the loss of good time credits as a result of this incident. If Plaintiff seeks the restoration of his good time credits by this action, Plaintiff fails to state a claim. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This principle is known as the favorable termination rule. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Plaintiff has not demonstrated that the underlying conviction was invalidated prior to filing this suit.

own misconduct. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff fails to allege facts against any supervisory Defendants indicating that the defendant either personally participated in the alleged deprivation, knew of the violations and failed to act to prevent them, or promulgated a constitutionally deficient policy. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

## IV.   Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

1 pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
2 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
3 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
4 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

    Dated:   **April 22, 2011**                              **/s/ Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE