**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS,<br><br>        Plaintiff,<br><br>   v.<br><br>GONZALEZ, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:10-CV-01680-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(DOC. 29)<br><br>DISMISSAL COUNTS AS 28 U.S.C. § 1915(G) STRIKE |

**Screening Order**

**I.      Background**

      Plaintiff Anthony Ray Evans ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on September 2, 2010 in the Central District of California. On September 16, 2010, this case was transferred to the Eastern District of California. Doc. 4. On April 25, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. Doc. 17. On July 8, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. Doc. 28. On July 29, 2011, Plaintiff filed his response. Doc. 29. In the interest of justice, the Court construes Plaintiff's response as a first amended complaint.

      The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary Of First Amended Complaint And Analysis

Plaintiff is incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants prison officials at CCI.[1]

Plaintiff alleges that he has a documented history of violence towards other cell mates.  Plaintiff contends that prison officials on May 13, 2010, had actual knowledge of Plaintiff's history and were deliberately indifferent to Plaintiff's statements of violence towards potential cell mates.  Plaintiff contends that he was placed in a cell with another inmate and violence transpired.

Plaintiff makes no requests for relief.  Pursuant to Federal Rule of Civil Procedure

---

[1] The Court presumes that Plaintiff refers to prison officials previously named in his original complaint.  Plaintiff was informed by the Court that pursuant to Local Rule 220, amended pleadings are to be complete, without reference to any prior pleadings.

1  8(a)(3), Plaintiff is required to make a demand for the relief sought.  Plaintiff thus fails to comply
2  with the Federal Rules of Civil Procedure.

3        Additionally, Plaintiff fails to state a claim.  The Eighth Amendment protects prisoners
4  from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan*
5  *v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make
6  out a conditions of confinement claim, and only those deprivations denying the minimal civilized
7  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment
8  violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  Prison
9  officials have a duty to take reasonable steps to protect inmates from physical abuse.  *Hoptowit v.*
10 *Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  In order to state a claim for violation of the Eighth
11 Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and
12 disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825,
13 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of
14 the official is not sufficient to establish liability, but rather, the official's conduct must have been
15 wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

16       Plaintiff fails to state a claim for failure to protect Plaintiff from being housed with
17 another inmate.  Plaintiff fails to allege facts which indicate that any prison officials knew of and
18 disregarded an excessive risk of serious harm to Plaintiff's safety.  The risk of serious harm
19 appears to occur to Plaintiff's proposed cell mates, not to Plaintiff.

20       Plaintiff fails to link any Defendants to an alleged act or omission that violates his
21 constitutional rights.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant
22 acted under color of state law and (2) the defendant deprived him of rights secured by the
23 Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.
24 2006).

25       The Court finds that Plaintiff will be unable to cure the deficiencies identified.  Further
26 leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
27 banc).
28 ///

### III. Conclusion And Order

Plaintiff fails to state any claims against any Defendants. Further leave to amend will not be granted. Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;
2. All pending motions are DENIED as moot; and
3. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **August 12, 2011**                              /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE